White, J.
The court erred in not quashing the indictihent. Where an indictment consisting of a single count charges the defendant with more than one offense, it is bad for duplicity. The indictment in the present case is- defective on that ground.
Nor is the defect cured by section 90 of the code of criminal procedure. That section has relation to the form of the indictment and the manner of describing the offense; but it does not affect the rule of the common law, which forbids the charging of more than one offense in a single count.
The indictment in question would be bad at common law in not laying any of the offenses at a time certain. It is said by Hawkins that, “ It is laid down as an undoubted principle in all the books that treat of this matter, that no indictment whatsoever can be good without precisely showing a certain year and day of the material facts alleged in it.” 2 Hawk. P. C., c. 25, s. 77.
Where the offense is laid as committed “on or about” the day mentioned, as in the present case, the allegation, at common law7, is insufficient. United States v. Crittenden, Hemp. 61; 1 Bishop’s Criminal Procedure, sec. 390.
But if one offense is w7ell charged in an indictment, and another offense, in the same count, is ineffectually charged, *41 either for want of certainty as to time or otherwise, the averments as to the latter may be rejected as surplusage. But if both offenses are effectually charged, the count, as already stated, will be bad.
Under section 90 of the code of criminal procedure, no indictment can be deemed invalid for omitting to state the time at which the offense was committed, in any case where time is not of the. essence of the offense, nor for stating the time imperfectly.
The objection to the present indictment is not that it omits to state the time of the commission of the offense, but that, under the section of the code referred to, several distinct offenses are effectually charged in the same count, and that the count is, for this reason, bad for duplicity.
The statute defining the offense provides that, “if any brother and sister, being of the age of sixteen years or upward, shall have sexual intercourse together, having knowledge of their consanguinity,” they shall be deemed guilty of a misdemeanor.
A single act of sexual intercourse, where the other conditions exist, is all that is required, under the statute, to complete the offense.
The indictment, therefore, in the present case, can only be regarded as charging a series of offenses committed within the period specified in the indictment.
Judgment reversed, and the discharge of the plaintiff in error ordered.